# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **HERRIMAN CITY**, a municipal corporation of the state of Utah,<br><br>                Plaintiff,<br>vs.<br><br>**TOWER ACQUISITION, LLC**, a Delaware corporation, and JOHN DOES 1-10,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER REMANDING CASE**<br><br><br>Case No. 2:10CV150 DAK |

       This matter is before the court on Plaintiff's Motion to Remand. Within hours after receiving an unfavorable ruling in state court, and with another state court hearing scheduled for the first week of March 2010, Tower Acquisition, LLC ("Tower Acquisition") filed a Notice of Removal that lacks any jurisdictional basis and is untimely.

       Pursuant to 28 U.S.C. § 1446(b), a defendant must file his notice of removal "within thirty days after the receipt" of the Summons and Complaint. 28 U.S.C. § 1446(b). *See Big Sky Network Canada, Ltd. v. Sichuan Provincial Gov't*, 533 F.3d 1183, 1185 (10th Cir. 2008) ("Normally, an eligible defendant has thirty days in which to effect removal of its case to federal court."). Tower Acquisition failed to file its Notice of Removal within 30 days after it was served with the initial pleading, which was on July 22, 2009.

      It its Notice of Removal, Tower Acquisition argues that there are several "John Does" that have not yet been served and that Tower Acquisition therefore has 30 days after the last John

Doe is served, citing *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527 (6th Cir. 1999), cert. denied, 528 U.S. 1076 (2000) and *McKinney v. Board of Trustees of Maryland Comm. College*, 955 F.2d 924, 927 (4th Cir. 1992). But neither *Brierly* nor *McKinney* stands for such a proposition. For example, the holding in *Breily* states: "as a matter of fairness to later-served defendants, we hold that a *later-served defendant* has 30 days from the date of service to remove a case to federal district court, with the consent of the remaining defendants. *Id*. at 533 (emphasis added). Tower Acquisition cites no authority for the expansive proposition that a defendant who has been served with a Complaint may remove an action at anytime up until 30 days after the last name defendant is served.

In addition to the 30-day time limitation provided by the first paragraph of 28 U.S.C. § 1446(b), the second paragraph of § 1446(b) provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. 1946(b) (emphasis added).

Thus, for its removal to be valid in this case, Tower Acquisition would have to establish the following: (1) that the Amended Complaint raises a federal question sufficient to warrant removal,[1] (2) that the federal question could not have been ascertained in the original Complaint,

---

[1] While removal may also be based on diversity jurisdiction within the first year of the commencement of the action, this basis is not available to Tower Acquisition in this action

and (3) that Tower Acquisition filed within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

The well-pleaded complaint rule guides the determination of whether a plaintiff's complaint raises a federal question for the purposes of removal. That rule dictates that federal jurisdiction exists "only when a federal question is presented on the face of plaintiff's well pleaded complaint." *Felix v. Lucent Tech., Inc.*, 387 F.3d 1146, 1154 (10th Cir.2004). Federal preemption is typically raised as a defense to the allegations in a plaintiff's complaint, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987), and ordinarily is not a sufficient ground for removal. *Felix*, 387 F.3d at 1154 ("[A] federal defense, even one relying on the preclusive effect of a federal statute, is not enough to authorize removal to federal court.").

Tower Acquisition does not argue that the original Complaint or Amended Complaint presents any federal questions on their face; and in fact, neither the original Complaint or Amended Complaint in any manner state a claim for or otherwise present issues of federal law. Instead, Tower Acquisition argues that the Amended Complaint has "arguably invoked" the provisions of the Federal Telecommunications Act of 1996, Section 106 of the National Historic Preservation Act of 1996, the Nationwide Programmatic Agreement For Review of Effects on Historic Properties For Certain Undertakings Approved by the Federal Communications Commission, dated September 4, 2004, or the National Environmental Policy Act ("NEPA").

Herriman disputes that any of these statutes have application to the condemnation of an

---

because diversity could have been ascertained from the original Complaint.

inoperable microwave communications tower constructed in 1988. However, even if the statutes are "arguably invoked," at best, they serve as defenses which do not authorize removal to federal court. *See Felix*, 387 F.3d at 1154.

In addition, even if a federal question had been raised by the Amended Complaint, it could have been ascertained from the original Complaint in this case. The only revision to the Amended Complaint is to reduce the amount of the Easement being taken in the condemnation. Accordingly, if the Amended Complaint raises a federal question for the purposes of removal because it "invokes" the provisions of the Federal Telecommunications Act of 1996, Section 106 of the National Historic Preservation Act of 1996, the Nationwide Programmatic Agreement For Review of Effects on Historic Properties For Certain Undertakings Approved by the Federal Communications Commission, dated September 4, 2004, or the National Environmental Policy Act ("NEPA"), then the original Complaint was also removable.

Finally, in any event, Tower Acquisition did not file its Notice of Removal within 30 days of receipt of the Amended Complaint. Herriman served Tower Acquisition with Herriman's Motion to Amend, which included the proposed First Amended Complaint, on January 11, 2010. Tower Acquisition, however, did not file the Notice of Removal until February 19, 2010. *See Notice of Removal*. Thus, even if the second paragraph of 28 U.S.C. § 1446(b) were applicable, which it is not, Tower Acquisition failed to file the Notice of Removal within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED and the Clerk of the Court is directed to REMAND this case to the Third District Court, Salt Lake County.

DATED this 24th day of February, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge